IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

OCT 29 2010

| | |
|---|---|
| GEORGIA TORKIE-TORK, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WYETH, )<br>    Defendant. ) | No. 1:04cv945 |

## ORDER

The matter came before the Court on the plaintiff's motions *in limine*.

For good cause, and for the reasons stated from the Bench,

It is hereby **ORDERED** that plaintiff's motions *in limine* are resolved as follows:

1. Plaintiff's Motion *in Limine* No. 1 (Doc. No. 160[1]) seeks to exclude evidence and argument concerning the "initiating" cause of breast cancer. Plaintiff asserts that she need only prove that Prempro "promoted," rather than "initiated," her breast cancer, to succeed in demonstrating causation. Defendant argues that Virginia law requires a showing that the cause in question was an initiating cause, rather than merely a promoting cause. Thus, in defendant's view, evidence concerning the initiating cause is the *only* relevant causation evidence. Defendant's argument does not accurately reflect Virginia law, which appears to draw no distinction between initiating and promoting causes.[2] In any event, although plaintiff

---

[1] Plaintiff's Motions *in Limine* Nos. 1-10 were submitted in a single filing. (Doc. No. 160.)

[2] As the Supreme Court of Virginia has stated:

    The proximate cause of an event is that act or omission which, in natural

may meet her burden with evidence that Prempro promoted her breast cancer, defendant's evidence of initiating breast cancer causes need not be excluded. An understanding of the initiating causes of cancer is probative as it assists the jury in a full understanding of the development and growth of breast cancer. Furthermore, the potential for confusion between initiation and promotion of cancer does not present a risk of unfair prejudice that substantially outweighs the probative value of such evidence, see Rule 403, Fed. R. Evid. Any confusion in the two processes will be avoided by ensuring that counsel clearly distinguish promoting and initiating causes in their questions and arguments. Accordingly, plaintiff's Motion *in Limine* No. 1 (Doc. No. 160[3]) is **DENIED**.

2. Plaintiff's Motion *in Limine* No. 2 (Doc. No. 160) is **DENIED** as moot, given the parties' stipulation (Doc. No. 214) that there will be no discussion of whether toxins, pollutants, pesticides, or plaintiff's proximity to a Superfund Site contributed to the development of her breast

---

and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred. . . . The issue of proximate causation, like that of negligence, is ordinarily a question of fact for a jury to decide.

*Howell v. Sobhan*, 278 Va. 278, 283-284 (2009). Furthermore, in the products liability context, while it is true that there can be no liability "where plaintiff only shows that the injury might be due to one of several causes," it is also well-settled that a plaintiff need not establish causation "with such certainty as to exclude every other possible cause." *Wright v. Eli Lilly & Co.*, 66 Va. Cir. 195, 222 (Cir. Ct. 2004). Expert testimony is typically introduced in such cases to demonstrate proximate cause, and the question of causation is ultimately and appropriately left to a jury to determine whether plaintiff proved causation by a preponderance of the evidence. *Id.*

[3] Plaintiff's Motions *in Limine* Nos. 1-10 were submitted in a single filing. (Doc. No. 160.)

cancer.

3. Plaintiff's Motion *in Limine* No. 3 (Doc. No. 160) is **DENIED** as moot, given the parties' stipulation (Doc. No. 215) that there will be no argument that plaintiff has a family history of breast cancer or that she should have sought genetic testing.

4. Plaintiff's Motion *in Limine* No. 4 (Doc. No. 160) is **DENIED**. References and arguments concerning alternate causes of breast cancer are probative as to causation in this case, and as a general matter, such material's probative value is not substantially outweighed by the danger of unfair prejudice under Rule 403, Fed. R. Evid. Therefore, the categorical objection to such material must be denied. Yet, nothing in this ruling shall prevent plaintiff from lodging a specific objection at trial to particular questions or evidence, should circumstances warrant.

5. Plaintiff's Motion *in Limine* No. 5 (Doc. No. 160) is **GRANTED IN PART** insofar as Dr. Cummings's affidavit is excluded with leave granted to approach the Bench in trial should defendant seek to introduce statements from the affidavit, and the motion is **DENIED IN PART** insofar as the use of the Dr. Cummings's deposition is admissible where appropriate under Rule 32, Fed. R. Civ. P.

6. Plaintiff's Motion *in Limine* No. 6 (Doc. No. 160) is **DENIED** as moot in light of the parties stipulation.

7. Plaintiff's Motion *in Limine* No. 7 (Doc. No. 160) is **GRANTED** with leave to approach the Bench and for permission to elicit personal

3

experiences, should circumstances warrant. If plaintiff persists in attacking the sympathies of defendant's witnesses, then questions in this regard may be allowed.

8. Plaintiff's Motion *in Limine* No. 8 (Doc. No. 160) is **DENIED** as moot, given the parties' stipulation (Doc. No. 175) that there will be no mention or reference to the fact that either party did not call as a witness someone who is outside the subpoena power of the court or outside of the party's control.

9. Plaintiff's Motion *in Limine* No. 9 (Doc. No. 160) is **DENIED** as moot, given defendant's representation, appropriately, that defendant will not violate the "Golden Rule" by referencing particular jurors or suggesting jurors place themselves in the shoes of particular parties. *See Ins. Co. of N. Am., Inc. v. U.S. Gypsum Co.*, 870 F.2d 148, 154 (4th Cir. 1989) (noting that it is improper to ask jurors to place themselves in the position of a party).

10. Plaintiff's Motion *in Limine* No. 10 (Doc. No. 160) is **DEFERRED**, given the motion is contingent on the granting of defendant's Motion *in Limine* No. 3, which has not yet been resolved.

11. Plaintiff's Motion *in Limine* No. 11 (Doc. No. 122) is **DEFERRED**, given the motion is contingent on the granting of defendant's Motion *in Limine* No. 4, which has not yet been resolved.

12. Plaintiff's Motion *in Limine* No. 12 (Doc. No. 140) is **DEFERRED**, given the motion is contingent on the granting of defendant's Motion *in Limine*

No. 5, which has not yet been resolved.

13. Plaintiff's Motion *in Limine* No. 13 (Doc. No. 156) is **DENIED** as follows:

    a. The motion is denied as moot with respect to evidence of plaintiff's abortion, given defendant's representation that such evidence will not be introduced.

    b. The motion is denied with respect to evidence of plaintiff's medical history, including visits to a fertility doctor and past prescription drugs, because plaintiff's medical history is probative on the issue of causation in this case. Additionally, evidence of prescriptions for emotional disorders is probative on the issue of plaintiff's damages for emotional pain and suffering.

    c. The motion is denied with respect to plaintiff's personal life changes, such as her divorce and changes in residence that followed, to the extent plaintiff seeks compensation for emotional suffering, and such life experiences provide an alternative basis for plaintiff's emotional suffering. It is not appropriate to categorically exclude this evidence under Rules 401, 403, or 404, Fed. R. Evid. Yet, given the potential for unfair prejudice, plaintiff may renew this objection as to specific pieces of evidence if circumstances warrant.

14. Plaintiff's Motion *in Limine* No. 14 (Doc. No. 158) is **DENIED**. Evidence that plaintiff's prescribing physician, Dr. Hurwitz, has a criminal

conviction and forfeited his medical license for selling controlled substances is relevant to Dr. Hurwitz's credibility. The conviction concerns the dispensing of prescriptions to those for whom no prescription is necessary, and thus the acts involve dishonesty. Furthermore, the conviction is more probative than prejudicial and therefore admissible under Rule 609(a), Fed. R. Evid. It is appropriate to allow the jury to consider such evidence when deciding how much weight to give Dr. Hurwitz's statements.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
October 29, 2010

/s/
T. S. Ellis, III
United States District Judge