FILED
NOV 17 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GEORGIA TORKIE-TORK,<br>　　　Plaintiff,<br><br>　　　v.<br><br>WYETH,<br>　　　Defendant. | )<br>)<br>)<br>)　No. 1:04cv945<br>)<br>)<br>)<br>) |

## ORDER

The matter is before the Court on the parties' motions *in limine*.

For good cause,

It is hereby **ORDERED** that defendant's motions *in limine* are resolved as follows:

　　a. Defendant's Motion *in Limine* No. 1 (Doc. No. 124) concerning "marketing and promotional material" is **DEFERRED**. The category of marketing and promotional material is too broad and vague, and it is appropriate to consider this objection in the context of specific evidentiary submissions and deposition designations.

　　b. Defendant's Motion *in Limine* No. 2 (Doc. No. 139) concerning the relationship between Premarin and endometrial cancer is **GRANTED IN PART** and **DENIED IN PART**. The motion is denied insofar as the relationship between Premarin and endometrial cancer is probative (i) as background for the development of E+P therapy, and (ii) as evidence of causation by promotion of cancer. Evidence and argument on these matters will be allowed, but because extensive testimony and evidence

concerning Premarin and endometrial cancer is unnecessary and may lead to jury confusion, it is appropriate to allow defendant to renew this objection should circumstances warrant. The motion is granted insofar as the connection between endometrial cancer and Premarin may not be used to suggest notice to Wyeth of cancer risks associated with Prempro, because the two drugs and the two corresponding forms of cancer are distinct. Allowing such argument would lead to substantial jury confusion and is therefore barred by Rule 403, Fed. R. Evid.

c. Defendant's Motion *in Limine* No. 3 (Doc. No. 127) regarding causality assessments is **GRANTED IN PART** and **DENIED IN PART**. The motion is denied insofar as causality assessments are probative of defendant's level of knowledge as to the risks of breast cancer for those taking Prempro inasmuch as defendant might have considered such information when deciding whether to conduct additional, more thorough tests of Prempro's risks. As a general matter, such evidence is relevant and its probative value is not substantially outweighed by its prejudicial effect under Rule 403, Fed. R. Evid. At trial, defendant may renew this objection as to specific pieces of evidence, should circumstances warrant. The motion is granted insofar as plaintiff may not argue that Wyeth's causality assessments are similar to or otherwise demonstrate support for the causation analysis offered by plaintiff's experts. Wyeth's causality assessments are not admissible to demonstrate the existence of a process for determining general or specific causation because Wyeth's causality

assessments are required by the FDA and do not meet the reliability or sufficiency prongs of Rule 702, Fed. R. Evid., and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Plaintiff's own causation theories, on the other hand, must pass muster under both Rule 702 and *Daubert*.

d. Defendant's Motion *in Limine* No. 4 (Doc. No. 131) concerning "excess breast cancers" allegedly caused by Prempro is **GRANTED**. The probative value of such evidence is substantially outweighed by its prejudicial effect. *See* Rule 403, Fed. R. Evid.

e. Defendant's Motion *in Limine* No. 5 (Doc. No. 133) concerning changes in the Prempro label after the Women's Health Initiative ("WHI") study is **DENIED**. Evidence of changes in the Prempro label after the WHI study is probative and not unfairly prejudicial in light of defendant's intention to argue that the continued approval and prescription of Prempro supports a conclusion that the drug is, and was at the time plaintiff took the drug, reasonably safe.

f. Defendant's Motion *in Limine* No. 6 (Doc. No. 135) concerning the use of IMS data is **DENIED** as moot, given the parties' stipulation (Doc. No. 213) that plaintiff will not present evidence or argument relating to the IMS data for plaintiff's prescribing physicians.

g. Defendant's Motion *in Limine* No. 7 (Doc. No. 137) concerning the defendant's "ghostwriting" Prempro articles is **DENIED**. Such evidence is probative of (i) defendant's failure to warn the medical community of

3

the risks of taking Prempro; (ii) defendant's disregard for such risks, as that disregard may bear on the appropriateness of punitive damages; and (iii) the information relied upon by plaintiff's doctors when prescribing Prempro. This testimony is relevant to the extent Wyeth relies on ghostwritten studies in arguing that its warnings were adequate in light of then-existing scientific understanding of Prempro's breast cancer risks, or alternatively, the material is relevant to the extent plaintiff's doctors relied on ghostwritten materials in deciding whether to prescribe Prempro to plaintiff.

h. Defendant's Motion *in Limine* No. 8 (Doc. No. 142) concerning the profit margin on Prempro is **DENIED**. Evidence of the profit margin on Prempro is probative of (i) defendant's motive to conceal the risks of the drug, and (ii) defendant's ability to fund additional studies of such risks. It should be noted that defendant has stipulated it had sufficient funds to conduct a study on the scale of the WHI study, and in light of this stipulation, extensive evidence and testimony concerning the profit margin on Prempro may not be necessary. Accordingly, defendant is granted leave to object to such evidence as cumulative should circumstances warrant.

i. Defendant's Motion *in Limine* No. 9 (Doc. No. 147) concerning reference to Pfizer is **GRANTED**. Plaintiff may not reference in trial (i) Pfizer, Inc.'s acquisition of Wyeth, (ii) Pfizer's products, or (iii) purported conduct of Pfizer insofar as the conduct is not attributable directly to Wyeth. Pfizer had no role in the manufacturing of Prempro, and its

acquisition of Wyeth was structured so as to prevent Pfizer from acquiring the assets and liabilities of Wyeth. Based on this structure, therefore, while Wyeth's profits may be relevant to punitive damages, Pfizer's profits are not. Plaintiff has also argued that witnesses' relationship with Pfizer may relate to bias; such evidence has minimal probative value that is substantially outweighed by the danger of unfair prejudice in the form of jury confusion. Accordingly, any reference to Pfizer is barred by Rules 401 and 403, Fed. R. Evid.

j. Defendant's Motion *in Limine* No. 10 (Doc. No. 150) concerning reference to the absence of defendant's corporate representative at trial is **GRANTED IN PART and DENIED IN PART**, insofar as plaintiff may not comment the presence or absence of defendant's corporate representative unless the corporate representative is absent for the entirety of the trial. Mention of the corporate representative's presence has virtually no probative value, and in any event, to the extent such an observation has any probative value, that value is substantially outweighed by the danger of unfair prejudice. *See* Rule 403, Fed. R. Evid. Only if defendant's corporate representative is absent for the entirety of the trial may the unfair prejudice be sufficiently minimized to render it appropriate for plaintiff to comment on such absence.

k. Defendant's Motion *in Limine* No. 11 (Doc. No. 152) concerning Wyeth's net worth, profits, employee salaries, and other financial information is **GRANTED IN PART and DENIED IN PART**, insofar as plaintiff may

introduce evidence concerning defendant's net worth and profits, but plaintiff may not introduce evidence of defendant's budget allocation or compensation for plaintiff's employees. Evidence of net worth and profits may be probative on the question of punitive damages, and its probative value is not substantially outweighed by the danger of unfair prejudice under Rule 403, Fed. R. Evid. On the other hand, evidence concerning defendant's budget allocation and individual employees' compensation, while minimally probative, must be excluded because its probative value is substantially outweighed by the danger of unfair prejudice. *Id.*

l. Defendant's Motion *in Limine* No. 12 (Doc. No. 154) concerning defendant's alleged failure to test Prempro is **DENIED**. Evidence that defendant failed to test Prempro is relevant to plaintiff's failure to warn claim inasmuch as the failure to test may, under certain circumstances, reflect a negligent or reckless disregard for whether the risks of Prempro were properly understood and thus properly conveyed to the public.

It is further **ORDERED** that plaintiff's previously-deferred motions *in limine* are resolved as follows:

a. Plaintiff's previously-deferred Motion *in Limine* No. 10 (Doc. No. 160) concerning causality assessments in the HERS study is **DENIED**. Defendant seeks to reference causality assessments from the HERS trial as an illustration of the flaws in causality assessments generally. Given that defendant's motion *in limine* #3 to exclude all causality assessments was

denied in part, *supra*, such that evidence of causality assessments will be admitted for the limited purpose of establishing so-called "red flags" for potential Prempro dangers, it is appropriate to allow defendant to discuss causality assessments from the HERS study as well. This evidence is probative insofar as defendant seeks to limit the weight that the jury should give evidence from causality assessments in general.

b. Plaintiff's previously-deferred Motion *in Limine* No. 11 (Doc. No. 122), concerning the number of women who use and benefit from hormone therapy, is **GRANTED**, in light of the granting of defendant's Motion *in Limine* #4 *supra*, which excluded reference to "excess breast cancers" caused by Prempro. The probative value of such evidence is substantially outweighed by its prejudicial effect. *See* Rule 403, Fed. R. Evid.

c. Plaintiff's previously-deferred Motion *in Limine* No. 12 (Doc. No. 140) is **DENIED** as moot, given the motion is contingent on the granting of defendant's Motion *in Limine* No. 5, which was denied *supra*.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
November 15, 2010

/s/
T. S. Ellis, III
United States District Judge